## GEORGE CHILDS v. STATE.

No. A-2913.    Opinion Filed September 28, 1918.

(175 Pac. 59.)

1. **TRIAL—Improper Argument.** A prosecuting attorney should confine his argument before the jury to a fair discussion of the issues in the case, and improper remarks objected to at the time will be considered and construed in reference to the evidence.

2. **APPEAL AND ERROR—Reduction of Sentence.** Under Proc. Crim. (section 6003, Rev. Laws 1910), this court in the furtherance of justice has the power to modify any judgment appealed from by reducing the sentence.

*Appeal from County Court, Caddo County;*
*C. R. Johnston, Judge.*

George Childs was convicted of a violation of the prohibitory law, and he appeals. Modified and affirmed.

*C. H. Carswell,* for plaintiff in error.

*S. P. Freeling,* Atty Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J. Plaintiff in error, George Childs, was convicted on an information charging that he did on the 8th day of April, 1916, have possession of one gallon of whisky with the intent to barter, sell, give away, and otherwise furnish the same in violation of law. The jury failed to agree upon the punishment. On December 1, 1916, the court rendered judgment and sentenced him to be imprisoned in the county jail for 90 days and to pay a fine of $200.

The evidence shows that the defendant is a farmer and stockman, living near Gracemont, where he had been dealing in live stock for ten years and a part of the time running a butcher shop in Gracemont; that he received during the year seven one-gallon shipments of whisky, the last one on the date alleged in the information; that Ed Marolf, Vince Feaster, J. P. McAdams, and B. J. Hickman went to his farm that day and there drank three pints of whisky at his barn; that they chipped in money amounting to a dollar and fifty cents, and one of the party threw this money on the floor of the barn as they were leaving.

As a witness in his own behalf, the defendant testified that the whisky these men drank belonged to Mr. Row, his hired hand; that he refused to accept any pay for it and did not receive any money for this whisky from any one directly or indirectly.

His cross-examination was, in part, as follows:

"Q. Were you not convicted of selling intoxicating liquor while I was county attorney? A. No, sir. Q. Now, didn't the jury bring in a verdict against you for selling liquor? Q. Yes, sir; and when you found out it was on perjury you dismissed the case."

In rebuttal the assistant county attorney was sworn as a witness. He was asked:

"Q. You heard Mr. Childs' testimony in regard to certain cases against him. I will ask you whether or not you dismissed that case on account of lack of evidence."

(Objected to as being incompetent; that the evidence in regard to this conviction six years ago is not competent; that the verdict was set aside and this evidence is prejudicial and should be stricken.) The objection was sustained.

Commenting on this testimony, the county attorney in his argument to the jury said:

"These facts show that the defendant is an old hand at the job and has been bootlegging since statehood, and that the penalty under the law is not sufficient to punish him in this case."

Counsel for the defendant contends that the court erred in permitting the prosecuting attorney to ask the defendant about a former trial where the verdict had been set aside, and that the remarks of the county attorney were prejudicial to the substantial rights of the defendant.

We think that the county attorney had no right to ask the defendant about his former trial, because it was admitted that the verdict was set aside. Under the statute a witness can only be asked if he had been convicted of a crime. Obviously the remarks of the county attorney were not warranted by the evidence and were plainly calculated

to prejudice the defendant; yet no proper objection was made, and the court was not asked to instruct the jury not to consider these remarks.

By numerous decisions of this court it is held that a prosecuting attorney should confine his argument before the jury to a fair discussion of the issues of the case, and improper remarks objected to at the time will be considered and construed in reference to the evidence. If it appears that the improper argument may have determined the verdict, a new trial should be granted. *Childs v. State,* 13 Okla. Cr. 461, 165 Pac. 622, and cases cited.

In this case the defendant as a witness did not deny that whisky was furnished to the witnesses for the state in his presence and on his premises, as testified to by them. He merely states that he did not sell and did not accept any money for the whisky. However, in view of the facts of the case and the errors complained of, we are of the opinion that substantial justice requires a modification of the punishment imposed. It is therefore ordered that the judgment and sentence be modified to 30 days' confinement in the county jail and a fine of $50. As thus modified the judgment will be affirmed.

ARMSTRONG and MATSON, JJ., concur.